**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JUANITA M. CRUMP-DONAHUE**                                                    **PLAINTIFF**

**VS.**                                       **NO.4:05CV00708 WRW**

**UNITED STATES DEPARTMENT OF**
**AGRICULTURE, et al.**                                                         **DEFENDANTS**

**ORDER**

Plaintiff filed a Motion to add new parties. The Motion was granted and Plaintiff was ordered to file the proposed Amended Complaint within fourteen (14) days.[1] Plaintiff complied, and filed a Third Amended Complaint, containing additional specific factual allegations and adding sixty-five (65) defendants.

Plaintiff, who is *pro se*, was granted permission to proceed *in forma pauperis.*[2] A provision in the federal *in forma pauperis* statute authorizes district courts to dismiss a pauper's case, *sua sponte,*[3] if the court becomes convinced at any time that the case is frivolous.[4] The *sua sponte* dismissal of frivolous complaints is designed to discourage the waste of judicial resources by parties who are not otherwise constrained by financial considerations.

---

[1] Doc. No. 25.

[2] Doc. No. 5.

[3] 28 U.S.C. § 1915(d) (1994), amended by 28 U.S.C. § 1915(e) (Supp. 1997).

[4] *Cooper v. Wood*, 111 F.3d 135 (8th Cir. 1997).

1

**Background**

Plaintiff commenced this *pro se* claim in the United States Court of Federal Claims.[5] Plaintiff filed a Complaint, an Amended Complaint, and a Supplemental Complaint, suing the United States Department of Agriculture ("USDA").

Plaintiff alleged that she sought information in 1997 and 1998 from the local Farm Service Agency ("FSA") concerning forty acres of land in Lonoke County over which she had power of attorney, to act on behalf of family members, collectively known as the "Woodard sisters." According to Plaintiff, the FSA refused to provide her with information about the sisters' land, and any government entitlements connected to it.

Because Plaintiff could not get satisfaction from the local FSA, she went to the USDA and filed a complaint with its Office of Civil Rights ("OCR"). The complaint alleged that the Lonoke County FSA, Director George Harrison and County Committee Member, L. B. Bryant conspired to deprive the Woodard sisters of their property rights. The OCR eventually dismissed the complaint.

Plaintiff alleged that the USDA's civil rights department failed to comply with its own procedures,[6] in violation of the Administrative Procedures Act. She also claims that the OCR violated the due process and equal protection clauses of the Constitution. Plaintiff demanded monetary relief for the above violations.

---

[5] Doc. No. 1.

[6] Plaintiff stated that the OCR failed to send an "Acknowledgment of Complaint," did not inform Plaintiff that additional information was required, and otherwise completely failed to adhere to the directives of DR 4300-6 (a USDA regulation).

After consideration, the Federal Claims Court dismissed the case for lack of jurisdiction. However, the Claims Court found that "[f]ederal district courts may have jurisdiction to hear plaintiff's constitutional and civil rights claims, and her allegations of administrative due process violations."[7] The claim was transferred. After transfer, Plaintiff was ordered to file a more definite statement to clarify her theories of liability.[8]

Plaintiff filed an Amended Complaint,[9] alleging that members of the local Farm Agency were guilty of criminal fraud, forgery, and conspiracy to deprive the Woodard sisters of their property rights. Plaintiff asserted that a local FSA committee member, Mr. Bryant, interfered with the sisters' rights when he registered the farm as being operated by him. Plaintiff provided a list of criminal laws violated by Mr. Bryant in collusion with the FSA.

Plaintiff's Third Amended Complaint provides a more detailed description of the facts that underlie the fraud, forgery, and conspiracy allegations. A review of this Complaint reveals that Mr. L. B. Bryant is a family member who allegedly took control of property belonging to his cousins, the Woodard sisters, by forging their names to cash leases. Plaintiff contends that Mr. Bryant was aided and abetted by the local FSA and the USDA. Plaintiff names sixty-five (65) USDA and FSA officials that allegedly played a part in a conspiracy to deprive Plaintiff of her federal rights and the Woodard sisters of their property rights.

---

[7]Doc. No. 1, p. 5.

[8]Doc. No. 8.

[9]Doc. No. 12.

**Standard of Review**

A finding that a complaint is frivolous, is not the same as finding that it fails to state a claim under Fed. R. Civ. P. 12 (b)(6).  The Supreme Court held that an unsuccessful claim is not necessarily a frivolous claim: "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not."[10] A complaint is frivolous if it lacks an arguable basis in law or fact.[11]

 A court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless,"[12] "fanciful,"[13] or "fantastic."[14]

> An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable  allegations might  properly  be disposed of on summary judgment, but to dismiss them  as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange,stranger than fiction'[15]

Courts must  construe *pro se* complaints liberally, and, unless the initial complaint undoubtedly lacks legal and factual basis, courts are expected to grant leave to allow a plaintiff to allege sufficiently specific and particular facts.[16]

**Equal Protection and Due Process**

---

[10]*Neitzke v. Williams*, 490 U.S. 319, 329 (1989).

[11]*Id*. at 325.

[12]*Id.* at 327.

[13]*Id.* at 325.

[14]*Id.* at 328.

[15]*Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting Lord Byron, *Don Juan*, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977)).

[16]*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Equal Protection Clause prohibits government officials from selectively applying the law in a discriminatory way.[17] It protects suspect classifications.[18] "[Y]ou must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence."[19] In fine, Plaintiff must allege an unlawful intent to treat her differently because she is a member of a suspect class.

The Due Process Clause of the Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty, or property, without due process of law.[20] There is nothing in the language of the due process clause that requires the state to protect life, liberty, and property of its citizens against invasion by private actors.[21]

### Administrative Procedure Act

Plaintiff alleges that the USDA, by refusing to properly investigate her complaints, violated the Administrative Procedure Act ("APA"). The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review."[22] The APA allows for judicial review of final agency action when there is no other adequate remedy in a

---

[17]*Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir. 1998) (citation omitted)).

[18]*Batra v Board of Regents of the University of Nebraska*, 79 F.3d 717, 721(8th Cir. 1996).

[19]*Id.* at 721 (quoting *Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir. 1992)).

[20]U.S. Const. amend. XIV, § 2.

[21]*DeShaney by DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197 (1989);

[22]5 U.S.C. § 702; *Lincoln v. Vigil*, 508 U.S. 182 (1993).

court.[23]  The APA defines agency action to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act.[24]  The Supreme Court stated that as a general matter, two conditions must be satisfied for agency action to be final:  (1) the action must mark the end of the agency's decision making process -- it must not be a temporary or interlocutory decision; and (2) the action must be one where rights or obligations have been determined, or from which legal consequences will flow.[25]

## Discussion

Because Plaintiff is *pro se,* she has been given every opportunity to amend and supplement her pleadings.  Plaintiff's final Amended Complaint provided all of the particulars behind this action.  Her pleading is 109 pages, and there are 113 exhibits attached.  After a thorough review of the pleadings and exhibits, it is clear that this is a family dispute over property rights.

There are no facts alleged that support an action based on constitutional or other federal grounds.  Plaintiff's allegation that she was denied equal protection because the FSA and the USDA gave preferential treatment to a family member is without merit.  There are no allegations that these state agencies made decisions based on race.  Therefore, Plaintiff's equal protection allegations lack an arguable basis in law.

Plaintiff's allegations that state and federal agents conspired with her relative, Mr. Bryant, to deprive the Woodard sisters of their property rights are "fantastic."  While fact is sometimes stranger than fiction, it is a stretch of the imagination to accept as true that

---

[23] 5 U.S.C. § 704.

[24] 5 U.S.C. § 551(13).

[25] *Bennett v. Spear*, 520 U.S. 154, 177 (1997).

numerous officials conspired to defraud elderly women of forty acres of land in Lonoke County.  While, Mr. Bryant, may have forged the names of his cousins on the leases, the due process clause does not compel the USDA or the FSA to protect Plaintiff from the fraudulent actions of a family member.  Plaintiff has sufficient remedies for her grievances without invoking the Constitution.

Plaintiff's allegations that the USDA's civil rights division owed a duty to investigate her allegations is also without merit.   The APA does not apply here because the decision by the USDA to close the investigation of Plaintiff's charges was not an "agency action" as that term is defined by the Supreme Court.   The actions of the USDA do not represent a final determination of the rights and obligations of the parties involved in the property dispute; nor do any "legal consequences" flow from the agency's decision. Therefore, the Administrative Procedures Act does not apply.

After reviewing the Plaintiff's pleadings, it cannot be discerned, even under the liberal review that applies to *pro se* litigants, what harm Plaintiff suffered, what acts of defendants caused that harm, and what federal rights were infringed.   Therefore, I find that the complaint is frivolous because it leaves no doubt that Plaintiff cannot allege facts sufficient to state a claim.   Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  All other pending Motions are DENIED AS MOOT.

IT IS SO ORDERED this 29th day of November, 2005.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE